STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re:* **P.A.**

**No. 12-0933 (Mercer County 11-JA-200)**

**MEMORANDUM DECISION**

Petitioner Father, by counsel David B. Kelley, appeals the Circuit Court of Mercer County's order entered on August 3, 2012, terminating his parental rights to his child. The guardian ad litem, Julie Lynch, has filed her response on behalf of the child. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect petition in this matter was filed based on drug abuse by both parents. During the pendency of this action, Petitioner Father allegedly strangled the child's mother, disposed of her body, and then abducted P.A. from her grandparent's home.[1] An amended petition was filed based on petitioner's alleged actions. After an adjudicatory hearing, the circuit court found that there was clear and convincing evidence that petitioner had caused the death of the mother and that the death was non-accidental. The child was adjudicated as an abused child. Petitioner Father's parental rights were then terminated after the circuit court found that the aggravated circumstances of the case did not require the DHHR to make reasonable efforts toward reunification.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing

---

[1] Petitioner is awaiting a criminal trial for his actions against the child's mother. However, testimony given by a service provider in this action showed that petitioner allegedly confessed to the crimes to the provider via telephone while petitioner was on the run. With this memorandum decision, this Court makes no findings regarding the related criminal charges.

1

court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father first argues that the circuit court erred in adjudicating the minor child to be an abused child because there was not clear and convincing evidence that petitioner killed the child's mother and that even if he killed the mother, it was not an intentional act but rather a crime of passion. Petitioner also argues that the circuit court erred in terminating his parental rights without an improvement period, again asserting that there was no clear and convincing evidence that petitioner killed the mother.

The guardian and the DHHR respond in favor of the termination of parental rights, arguing that the child is clearly an abused child pursuant to West Virginia Code §§ 49-1-3(1)(A) and (D) based on petitioner killing his wife. Further, the guardian and DHHR argue that the circuit court properly terminated Petitioner Father's parental rights without an improvement period because West Virginia Code § 49-6-5b(3) provides that if one parent commits murder or voluntary manslaughter of the other parent, then the DHHR is required to move for termination of parental rights.

This Court finds no error in the adjudication of the minor child as an abused child based on the testimony regarding petitioner's actions in causing the death of the child's mother. As to the termination of parental rights, pursuant to West Virginia Code § 49-6-5(a)(7)(B)(ii) the DHHR was not required to make reasonable efforts to preserve the family, based on the fact that the circuit court found that petitioner killed the mother. Therefore, an improvement period was not required prior to the termination. This Court finds no error in the termination of parental rights in this matter.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, the circuit court's order terminating petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3